Merrimack, }
June 5, 1934. }

MARION SMALL, *Adm'x*, *v.* BOSTON & MAINE RAILROAD.

*Murchie, Murchie & Blandin* (*Mr. Alexander Murchie* orally), for the plaintiff.

*Demond, Woodworth, Sulloway & Rogers* (*Mr. Franklin Hollis* orally), for the defendant.

BRANCH, J.   The defendant contends that "the evidence presented at this trial varied materially from the evidence at the first trial" and that, for this reason, the question whether the defendant was entitled to a directed verdict, which was decided adversely to it upon the previous transfer (*Small* v. *Railroad,* 85 N. H. 330), should now be reëxamined.   A careful reading of the record fails to disclose any variations between the testimony introduced at the previous trial and that now before us which are fatal to the maintenance of the

action under the principles laid down in the previous opinion. As at the previous trial, the evidence tended to prove that under the conditions existing at the time of the accident, the train could be stopped in 130 feet; that the decedent was seen by the fireman when he was 350 feet distant; that the train was not stopped until it had gone 150 feet after striking the decedent, or a total distance of 500 feet after his presence was discovered; that it took the train about 12 seconds to reach him; that the time needed to call for the brakes to be set and for the engineer to set them was a matter of 2 or 3 seconds; that the train might have been stopped after it became apparent that the decedent was oblivious to his danger. Under these circumstances the conclusion previously announced that the last chance issue was for the jury, will not be reëxamined. *Olney* v. *Railroad*, 73 N. H. 85; *Watkins* v. *Railroad*, 84 N. H. 124.

The defendant requested the court to charge the jury as follows:

"If you find that the plaintiff's intestate, although somewhat under the influence of liquor, was nevertheless so far in control of himself as to be able, in the exercise of due care, to discover the presence of the train and remove himself from the track, his failure so to do was negligence which contributed to cause his injury, and your verdict should be for the defendant."

There were three other requests of similar tenor and the defendant excepted to "the failure to charge as requested."

The defendant also excepted to the charge as follows: "The defendant excepts to the failure to allow the jury to find that the plaintiff's decedent could have avoided the accident by the exercise of care even after he was discovered by the defendant's employees."

The court charged the jury as follows: "If he was negligent in not heeding the warning as given by the railroad whether much or little under the influence of intoxicating liquor, and his failure to do so contributed to the accident, his negligence would bar his recovery, and your verdict would be for the defendant, unless you find that a situation did then exist" which was governed by the last chance doctrine.

This portion of the charge embodied the substance of the defendant's requests with reference to the issue of contributory negligence. The defendant complains, however, that "the Court then went on and cut the heart out of this meagre instruction with relation to contributory negligence by stating in substance that even if he were guilty of negligence he might recover if the defendant had the last clear chance to avoid the accident." The answer to this complaint

is the one suggested in the plaintiff's brief, that "of course that is just what the last chance theory does." The foregoing exceptions are therefore overruled.

The defendant also excepted to the charge as follows: "The defendant excepts to the submission of the case under the last chance doctrine, and also excepts to the statement of the law of Vermont under which the defendant must be found liable." It now complains that "in substance the Court charged three times in succession that the defendant's duty to act arose when they discovered his peril or *when they should have discovered his peril.*" It is doubtful whether a general exception like that above quoted furnishes a sufficient basis for a specific objection to the charge such as is now attempted to be made, but the question need not be considered at this time. The charge upon this point was strictly in accordance with the law of Vermont as stated in the former opinion and in the Vermont cases therein cited, and this exception is accordingly overruled.

The defendant also complains that the charge "twice informed the jury in substance that the defendant's duty to act arose when it should have realized that he *might not* save himself," and seeks to take advantage of this objection under its general exception "to the statement of the law of Vermont." It is argued that the "last clear chance doctrine does not apply unless or until the defendant realizes or ought to realize that the track walker cannot or will not get off the track." No authority for this proposition is cited and it appears to be clearly unsound. Certainty in regard to the future conduct of another is no more essential as a basis for the exercise of reasonable care under the last chance doctrine than in any other situation. The charge followed closely the language of the former opinion, in which it was said, "It is not until the defendant should assume that the injured person may not save himself that the defendant's ensuing negligence becomes the sole legal cause of the injury." *Small* v. *Railroad, supra,* 334. There is nothing in the last chance doctrine which narrows the application of the general principle that "Danger consists in the risk of harm as well as the likelihood of it, and a danger calling for anticipation need not be of more probable occurrence than less. If there is some probability of harm sufficiently serious that ordinary men would take precaution to avoid it, then failure so to do is negligence." *Tullgren* v. *Company,* 82 N. H. 268, 276.

The defendant requested the court to charge the jury as follows:

"The defendant cannot be found guilty of any negligence under the last chance doctrine with respect to the speed of the train existing

at the time when the plaintiff's intestate was seen." In his charge the court said to the jury: "There has been some talk about the speed of the train. I do not understand that there is any claim made that it was excessive." By this remark the court stated the fact in regard to the plaintiff's claim, and clearly withdrew the issue of speed from the consideration of the jury. This was a sufficient compliance with the defendant's request.

The defendant requested two instructions to the effect that the plaintiff could not recover if the jury found that "neither the engineer nor fireman discovered the presence of the plaintiff's intestate in time to avoid the accident." A large portion of the charge had reference to the contention of the railroad that the engineer and fireman did everything that could be done to save the plaintiff after his peril was discovered. The jury was specifically told that "the defendant cannot be held liable for any breach of duty in this case unless you find that the defendant's employees failed to exercise reasonable care to avoid the accident after they discovered the plaintiff's intestate's peril and realized or by the exercise of reasonable care should have realized that he would not or could not take steps to save himself." No claim has been made that this instruction did not correctly state the law of Vermont. At the end of the instructions upon the last chance doctrine the crucial question was stated to the jury in a form more favorable to the defendant than the law would allow, as follows: "Could the railroad have prevented the accident by doing more than it did do after seeing that the decedent, Mr. Small, was in danger and that he either would not or could not save himself?" In other words, the substance of the defendant's requests was included in the charge, and the failure to give them in the language requested was not error.

*Judgment on the verdict.*

All concurred.